# United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Patrick J. Fisher, Jr.**
Clerk of Court

**Douglas E. Cressler**
Chief Deputy Clerk

June 29, 2005

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 30 2005

GREGORY C. LANGHAM
CLERK

Mr. Larry Wayne White
Colorado State Penitentiary
#43440
P.O. Box 777
Canon City, CO 81215-0777

Ms. Laurie A. Booras
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    05-1214, White v. McKinna
             Dist/Ag docket: 91-Z-650

Dear Counsel and Petitioner:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

                                  Sincerely,

                                  PATRICK FISHER
                                  Clerk

                            By:
                                  Deputy Clerk

PF:klp

cc:    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

LARRY WAYNE WHITE,

Petitioner,

v.

MARK MCKINNA, Superintendent, Fremont Correctional Facility, et al.,

Respondents.

No. 05-1214

### ORDER

Filed June 29, 2005

Before **TACHA**, Chief Judge, **SEYMOUR** and **EBEL**, Circuit Judges.

This matter was transferred by the district court to determine whether Larry White should be granted authorization to file another 28 U.S.C. § 2254 petition. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

To obtain authorization Mr. White must make a prima facie showing that the grounds set forth are based on either a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court that was previously unavailable, or newly discovered evidence, the factual basis for which could not have been discovered previously through the exercise of due diligence, and

which would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2).

Mr. White has not met these requirements.

Accordingly, authorization is **DENIED**.

This order is not subject to a petition for rehearing or a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

> Entered for the Court
> PATRICK FISHER, Clerk of Court