IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 91-cv-00650-ZLW

LARRY WAYNE WHITE,

    Petitioner,

v.

MARK MCKINNA, Superintendent Fremont Correction Facility, and
GALE NORTON, Attorney General of the State of Colorado,

    Respondents.

---

ORDER TO CONSTRUE FED. R. CIV. P. 60(b) MOTION AS
28 U.S.C. § 2254 PETITION AND
TO TRANSFER PETITION TO THE COURT OF APPEALS

---

    Petitioner Larry Wayne White is in the custody of the Colorado Department of Corrections (DOC) and currently is housed at the Colorado State Penitentiary at Cañon City, Colorado. Mr. White has filed a second Fed. R. Civ. P. 60(b) Motion in the instant action. For the reasons stated below, the Motion will be construed as a successive 28 U.S.C. § 2254 habeas petition, the same as Mr. White's first Rule 60(b) Motion was construed, and will be transferred to the United States Court of Appeals for the Tenth Circuit.

    On April 22, 1991, Mr. White filed a Petition in the instant action, pursuant to 28 U.S.C. § 2254, challenging his conviction in State of Colorado Criminal Case Nos. 75-CR-4026 and 86-CR-0301. The Court dismissed the Petition on the merits on September 2, 1992. Mr. White filed an appeal. On June 9, 1993, the United States

Court of Appeals for the Tenth Circuit affirmed this Court's dismissal.  ***White v. McKinna, et al.***, Nos. 92-1319 and 92-1333 (10th Cir. June 9, 1993) (Not selected for publication).

Upon review of Mr. White's claims in the second Rule 60(b) Motion, the Court finds that Petitioner is attacking the Court's determination of the merits in his § 2254 action and not a defect in the integrity of the federal habeas proceeding.  ***Gonzalez v. Crosby***, 125 S. Ct. 2641, 2647 (2005).  Therefore, a Rule 60(b) motion is not appropriate, because the use of the motion in this case circumvents § 2244 requirements.  ***Id.***

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. White must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider a second or successive petition.  Mr. White fails to allege that he has obtained the necessary authorization from the Tenth Circuit.  The Court, therefore, must transfer the action to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  ***See Coleman v. United States***, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam).  Accordingly, it is

ORDERED that the Clerk of the Court is directed, pursuant to 28 U.S.C. § 1631, to transfer the action to the United States Court of Appeals for the Tenth Circuit

DATED at Denver, Colorado, this   15   day of    February   , 2006.

BY THE COURT:

*[signature]*

ZITA L WEINSHIENK, Senior Judge
United States District Court