# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 2 2006

GREGORY C. LANGHAM
CLERK

May 2, 2006

Mr. Larry Wayne White
Colorado State Penitentiary
#43440
P.O. Box 777
Canon City, CO 81215-0777

Mr. John W. Suthers
Attorney General
Ms. Yvonne E. Scott
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

Re:    06-1069, White v. McKinna
       Dist/Ag docket:  91-cv-650-ZLW

Dear Mr. White and Counsel:

Enclosed is a copy of an order entered today in this case.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By: Audrey F. Weige
    Deputy Clerk

clk:afw
Enclosure

cc:    Gregory C. Langham, Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LARRY WAYNE WHITE,

Petitioner,

v.

MARK MCKINNA, Superintendent
Fremont Correction Facility; and
GALE NORTON, Attorney General of
the State of Colorado,

Respondents.

No. 06-1069
(D.C. No. 91-cv-650-ZLW)

ORDER

Filed May 2, 2006

Before **KELLY, BRISCOE** and **MURPHY**, Circuit Judges.

This matter was transferred by the district court to determine whether Larry Wayne White should be granted authorization to file another 28 U.S.C. § 2254 petition. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). We vacate and remand.

Mr. White, a state prisoner in Colorado, challenges the revocation of his parole, claiming that there was insufficient evidence and that there was fraud on the court.

Mr. White's claims are properly brought pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000) (holding that a petition filed by a state prisoner challenging the execution of a sentence, rather than the validity of a conviction and sentence, is properly brought under § 2241). Although § 2241 petitions are subject to abuse-of-the-writ principles, *see McClesky v. Zant*, 499 U.S. 467, 483-84 (1991), *George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir. 1995), prior authorization from a court of appeals is not necessary to file a successive § 2241 petition. *See Marques v. Abbiot*, 100 Fed. Appx. 722 (10th Cir. 2004) (unpublished); *Mathes v. Saffle*, 35 Fed. Appx. 746, 748 n.1 (10th Cir. 2002) (unpublished).

Accordingly, the district court order is **VACATED** and the matter is **REMANDED** to the district court for such other and further proceedings as may be just and proper.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by: *[signature]*
Ellen Rich Reiter
Deputy Clerk/Jurisdictional Attorney